IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN CHARLES SCHWAGER,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. 23-CV-4573 |
| JESSICA KEITH, *et al.*,<br>    Defendants. | : <br> : | |

**MEMORANDUM**

**PAPPERT, J.**                                                                                     December 5, 2023

Brian Charles Schwager, a *pro se* litigant confined at Norristown State Hospital, purports to sue Jessica Keith of Norristown State Hospital and G. Chesney of the Montgomery County Correctional Facility. (ECF No. 3, "Compl.") Schwager also moves to proceed *in forma pauperis*. (ECF No. 2.) For the following reasons, the Court will dismiss the Complaint in its entirety as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

I

Schwager submitted a Complaint and a Motion to Proceed *In Forma Pauperis* to the United States District Court for the Middle District of Pennsylvania, which were entered on the docket on October 18, 2023. (*See* ECF Nos. 2, 3.) The case was subsequently transferred to this Court. (*See* ECF No. 1.)[1] Schwager failed to submit a

---

[1] Although the Complaint and Motion to Proceed *In Forma Pauperis* are difficult to read, the documents list "Brian Charles Schwager" as the plaintiff, indicating that this is his birth name. (*See* ECF Nos. 2, 3.) The documents also reference "Adam Schwager" and indicate that this is his "informant name." (*See id.*) Additionally, the caption of the Complaint lists a docket number for a criminal case in the Court of Common Pleas of Montgomery County for defendant Adam Schwager. (*See* ECF No. 3 at 1 (listing *Commonwealth v. Schwager*, CP-46-CR-0004869-2023 (C.P. Montgomery).) The publicly available docket reflects that Adam Schwager is currently confined at Norristown State Hospital. Thus, it appears from the filings that Brian Charles Schwager and Adam

certified copy of his prisoner account statement (or institutional equivalent) showing all deposits, withdrawals, and a current balance, from any correctional facility in which he was confined for the six-month period from April 18, 2023 to October 18, 2023, reflecting account activity from that time period, as required by 28 U.S.C. § 1915(a)(2). Schwager's application to proceed *in forma pauperis* is, therefore, incomplete.

II

Until recently, this Court would have been precluded from addressing Schwager's pleading unless and until he either paid the fees or was granted leave to proceed *in forma pauperis*. *See Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 458 & n.13 (3d Cir. 1996) (explaining that an action commences when a plaintiff pays the fees or following a determination that the litigant is entitled to *in forma pauperis*); *see also Francis v. State of N.J. Office of Law Guardian*, 289 F. App'x 472, 474 (3d Cir. 2008) (*per curiam*) (explaining that district court erred in addressing complaint before IFP was granted, because the "complaint was not yet subject to dismissal"). However, in *Brown v. Sage*, the United States Court of Appeals for the Third Circuit announced a "flexible approach" that permits the screening of cases filed by prisoners pursuant 28 U.S.C. § 1915A even if the prisoner has neither paid the fees nor been granted *in forma pauperis* status. 941 F.3d 655, 660 (3d Cir. 2019) (*en banc*) ("[W]e hold that a court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously.") This approach "permits courts to move early to screen complaints in order to conserve

---

Schwager are the same individual, who is in state custody, currently confined at Norristown State Hospital.

2

judicial resources." *Id.* Here, the Court concludes that it would be more efficient to screen Schwager's Complaint pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) prior to addressing his Motion to Proceed *In Forma Pauperis*.

Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . ." *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). It is legally baseless if "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

3

its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. The Court notes that the standards for dismissal based on frivolity and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which permit courts to "assess the merits of the lawsuits 'at any time,'" regardless of whether any filing fee or portion thereof has been paid, *Brown*, 941 F.3d at 657 (quoting § 1915(e)(2)), are the same.

III

Schwager's Complaint names as Defendants Jessica Keith and G. Chesney, who the Court understands to be the C.E.O. of Norristown State Hospital, and a Director at Montgomery County Correctional Facility, respectively. (*See* Compl. at 1, 4.) Schwager's allegations are difficult to discern. For example, he references a state court docket number in a criminal matter, as well as "federal retardation forms" at Allentown State Hospital and "federal retardation" class actions. (*Id.* at 1, 3.) He also appears to list various building numbers at Norristown State Hospital. (*Id.* at 3.) Schwager asserts that "they" are trying to "get[] to" his money held at Fort Knox. (*Id.*.)

Having reviewed Schwager's submission in its entirety, the Court cannot discern any factual or legal bases for any claims against the Defendants, or the relief Schwager seeks. Even under a careful reading and liberal construction of the Complaint, Schwager has not alleged how the named Defendants have violated his rights and there

4

is no legal theory on which he can rely. Due to the nature of the pleading, the Complaint fails to provide fair notice of the grounds upon which Schwager's claims against each Defendant rest. Further, the discernable portions of the Complaint do not establish any viable legal claim upon which Schwager could proceed. Therefore, the Court will dismiss the Complaint in its entirety. *See Flowers v. Delaware*, No. 22-1877, 2022 WL 2800814, at *1 (3d Cir. July 18, 2022) (affirming dismissal as frivolous pursuant to 28 U.S.C § 1915(e)(2)(B) without leave to amend).

IV

For the foregoing reasons, the Court will dismiss Schwager's Complaint with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as legally and factually frivolous and for failure to state a claim. Leave to amend will not be given, because the Court concludes that amendment would be futile under the circumstances of this case. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**